JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Michele Swaringer | Delavau, LLC |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael A. Bowman
Bowman & Partners, 1600 Market Street, Philadelphia, PA 19103
215.391.4300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government   Plaintiff
- ☒ 3  Federal Question   *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government   Defendant
- ☐ 4  Diversity   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*         and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☒ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* <br> 29 U.S.C. § 2601 et seq. <br> Brief description of cause: <br> Violation of FMLA and retaliation. |
|---|---|

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint: <br> JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE   5/16/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELE SWARINGER | : | |
| 5738 Woodcrest Avenue | : | |
| Philadelphia PA 19131 | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| DELAVAU, LLC | : | |
| 10101 Roosevelt Boulevard | : | |
| Philadelphia, PA 19154 - 2105 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Michele Swaringer, by and through his undersigned counsel, files this Complaint and hereby avers as follows:

## I.  INTRODUCTION

1.  This is a civil action seeking compensatory, punitive and non-pecuniary damages based on violations of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.

## II.  PARTIES

2.  Plaintiff Michele Swaringer (hereinafter referred to as "Plaintiff") is an adult individual who resides at 5738 Woodcrest Avenue, Philadelphia, PA 19131. Plaintiff is a former employee of Delavau, LLC.

3.  Upon information and belief, Defendant Delavau, LLC. (hereinafter referred to as "Defendant") is a corporation organized under the laws of the Commonwealth of Pennsylvania with a corporate office address of 10101 Roosevelt Boulevard, Philadelphia, PA 19154-2105.

## III.  JURISDICTION AND VENUE

4.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

5.     Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391 as: (1) plaintiff resides in this district; (2) Defendant owns and operates a business within this judicial district; and (3) all events, transactions and omissions giving rise to this action occurred within this judicial district.

## V.     FACTS GIVING RISE TO THE ACTION

### A.     Background

6.     Plaintiff began her employment with Defendant on or around May 2004.

7.     Plaintiff was employed as a Sales Administrator with Defendant at the time of termination.

8.     During her employment, Plaintiff has never received a negative performance review.

9.     On September 11, 2013 Plaintiff was involved in a motor vehicle accident and suffered injuries to her ankle, shoulder and back.

10.     Plaintiff was prescribed heavy sedatives for pain relating to the injuries sustained.

11.     Plaintiff was instructed not to operate a motor vehicle while taking the sedatives.

12.     Due to the injuries sustained in the accident and the sedatives prescribed for the pain, Plaintiff applied for Short Term Disability with the company on September 19, 2013.

13.     Despite Company clearly knowing and understanding that Plaintiff's injuries qualifies her for leave under the Family and Medical Leave Act ("FMLA"), Defendant wholly failed in its statutory requirement to provide Plaintiff with her notice of rights and responsibilities under FMLA.

14.     Despite Company being fully aware of Plaintiff's rights under the FMLA, Defendant wholly failed to provide Plaintiff with notice of the time she was allowed to use as FMLA leave.

15.     Plaintiff continued to be on Short Term Disability, on or around October 2011, while Alma Dickerson, (hereinafter referred to as "Ms. Dickerson") the director of Human Resources, called Plaintiff stating that there were many issues that only Plaintiff could handle, and asked Plaintiff if she would be willing to return, and due to her inability to drive, transportation would be provided.

16.     Plaintiff agreed to return to work as a part time employee.

17.     At no time during this period when Plaintiff was "part time" did Defendant advise her that she was using or had been approved to use FMLA leave.

18.     Pursuant to Defendant's request and need for Plaintiff to come to work while she still recuperated from her injuries, Plaintiff began to use a taxi service. Plaintiff was equipped with vouchers for the local taxi service by Defendant, to act as the "provided transportation".

19.     Plaintiff returned to work on October 14, 2014 to work the agreed upon hours of 8:30 AM – 1:00 PM. At all times during this period, Plaintiff understood and was advised by Defendant that her time off after 1:00 PM was covered by Short Term Disability.

20.     On or around December 5, 2014 Plaintiff's pain escalated, and the side effects from the prescribed medication worsened.

21.     During Plaintiff's visit to the Podiatrist on December 11, 2014, she was advised that her ankle was not healing correctly and a cast was applied, and was advised to apply for long term disability to allow the time and care adequate for healing.

22.     On or around December 12, 2013 Plaintiff applied for Long Term Disability. Again, Defendant failed in its duty to provide Plaintiff with any notice of her rights and responsibilities under the FMLA.

23.     While Plaintiff provided all requested documents to Defendant in relation to her Long Term Disability, at no time did Defendant advise her of the need for medical certification for FMLA leave. Further, and importantly, at no time did Defendant advise Plaintiff of her remaining FMLA time.

24.     Despite Defendant's repeated notice failures, on or around January 3, 2014 Plaintiff received correspondence from Ms. Dickerson which stated that as of January 6, 2014, Plaintiff's 12 weeks of leave under FMLA would be exhausted.

25.     Prior to the January 3, 2014 correspondence, Defendant had not sent any correspondence to Plaintiff which would have provided Plaintiff with notice of her designation under FMLA or her rights and responsibilities under FMLA.

26.     Due to the fact that Plaintiff's physician placed her on Long Term Disability, Defendant urged Plaintiff to resign from her employment due to her "inability to return to work" at that time.

27.     In response to Defendant's letter received on or around January 3, 2014, Plaintiff sent correspondence to Defendant stating that she did not wish to resign at that time and would return to work when permitted to do so by her physician.

28.     Defendant terminated Plaintiff's employment on January 8, 2014.


### COUNT I -
### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

29.     Plaintiff incorporates paragraphs 1- 28 as if fully set forth herein.

30.     Defendant's actions as set forth above constitute violations of the Family and Medical Leave Act in that Defendant failed to comply with the notice requirements of the statute.

31.     Defendant's actions as set forth above constitute violations interference with Plaintiff's rights under the Family and Medical Leave Act.

32.     The willful violation of Plaintiff's rights under the Family and Medical Leave Act occurred based on the bad faith conduct of Defendant and its agents.

**WHEREFORE**, Plaintiff Michele Swaringer, by and through her undersigned counsel, demands judgment in her favor and against Defendant and an award of the following:

a.     back pay and front pay, including benefits with prejudgment interest;

b.     compensatory damages, consequential damages and punitive damages;

c.     declaratory judgment against Defendant and its policies and procedures with regards to FMLA leave;

d.     attorneys fees and costs; and

e.     any other relief this Honorable Court deems appropriate under the circumstances.

## COUNT II –
## RETALIATION

33.     Plaintiff incorporates paragraphs 1 – 32 as it fully set forth herein.

34.     Title VII of the Civil Rights Acts of 1964, the FMLA and the regulations promulgated thereafter make it an unlawful employment practice for an employer to retaliate against an individual who has engaged in protected activity under these statutes.

35.     Defendant intentionally retaliated against Plaintiff by committing a course of conduct including, but not limited to, the above-described.

36.     Due to Plaintiff's need to take FMLA leave, Defendant terminated Plaintiff on January 8, 2013.

37.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered economic loss, including, but not limited to, loss of earnings, future loss of earnings, loss of earning potential, and loss of benefits.

38.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered emotional injuries, including, but not limited to, past and present pain and suffering, anxiety and humiliation.

39.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered professional injuries, including, but not limited to, professional development, loss of potential promotions and damage to his professional reputation.

**WHEREFORE**, Plaintiff, Michele Swaringer, by through undersigned counsel, demands judgment in her favor and against Defendant and an award of the following:

   a.   Back pay and front pay, including benefits with prejudgment interest;

   b.   Compensatory damages, consequential damages and punitive damages;

   c.   Non-pecuniary damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation;

   d.   Attorneys fees and costs; and

   e.   Any other relief this Honorable court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiff Michele Swaringer hereby demands trial by jury.

Respectfully submitted,

**BOWMAN & PARTNERS, LLP**

Dated:  May 15, 2014          By:   _____

**MICHAEL A. BOWMAN**
PA Identification No.: 81762
1600 Market Street, 25th Floor
Philadelphia, PA  19103
215-391-4300 phone
215-391-4350 facsimile

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  5738 Woodcrest Avenue, Philadelphia, PA 19131

Address of Defendant:  10101 Roosevelt Boulevard, Philadelphia, PA 19154

Place of Accident, Incident or Transaction:  Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
      (Please specify)  FMLA

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
      (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Michael A. Bowman , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: May 15, 2014     _____     _____
                          Attorney-at-Law              81762
                                                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: May 15, 2014     _____     _____
                          Attorney-at-Law              81762
                                                    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Michele Swaringer | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Delavau, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| | | |
|---|---|---|
| May 15, 2014 | Michael A. Bowman | Michele Swaringer |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.391.4300 | 215.391.4350 | mbowman@bowmanltd.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02